UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| DONNA G. MANESS, | ) |
| | ) |
| v. | ) NOS. 2:10-cv-84; 2:08-cr-58(7) |
| | ) *Judge Jordan* |
| UNITED STATES OF AMERICA, | ) |

## ORDER

In reviewing the files in this case, it appears that, inadvertently, the modified standard for prejudice announced in *Hill v. Lockhart*, 474 U.S. 52 (1985), was omitted from the memorandum opinion entered on September 11, 2013, (Doc. 425 in the criminal case file), while the standard for prejudice set forth in *Strickland v. Washington*, 466 U.S. (1984), was included. Accordingly, it is **ORDERED** that the first full paragraph on page 5 of the memorandum opinion is vacated and the following paragraph is added in its place, with no further alterations in that opinion:

> Second, a petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, she would not have pled guilty but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Unless there is a likelihood of a successful defense to the charge, no alleged error by counsel is a basis for relief. *Hill*, 474 U.S. at 59. "[T]hese predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 59-60.

**SO ORDERED**.

**ENTER:**

/s/ Leon Jordan
———————————————
LEON JORDAN
UNITED STATES DISTRICT JUDGE